IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PHILLIP JAY STERLING JR., § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:21-CV-608-P |
| § | (Consolidated with No. 4:21-CV-755-P) |
| BILL WAYBOURN, Sheriff, § | |
| Tarrant County, Texas, § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court are two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Phillip Jay Sterling Jr., a state pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed with prejudice in part for mootness and without prejudice in part for failure to state a claim for relief and failure to exhaust his state-court remedies.

**I. BACKGROUND**

Petitioner is awaiting trial in the 432nd District Court, Tarrant County, Texas, Case Nos. 1583147D and 1656956, for continuous sexual abuse of a child under 14 years of age and assault causing bodily injury. Resp't's Resp. Exs. 1 & 2, ECF No. 10. In these petitions, Petitioner challenges the validity of his extradition from Arkansas to Texas; the validity of the warrant issued by the 432nd District Court; the denial of bond and the amount of his bonds and bond conditions; the jurisdiction of the state, "a ficticious [sic] intity [sic]," to

prosecute him, the denial of his right to "face [his] accusser [sic]" and to travel. Pet. I[1] 6, 8–9, 11, ECF No. 1; Pet. II 7, ECF No. 1; Amend. to Pet'r's Resp. 2, ECF No. 11. He also cites the Court to "Federal Rules of Civil Procedures [sic] Sections 8-A and 13-A" and "11 USC 501(A) 502(A)" and in support asserts that "[a]ccording to [his] registered statue [sic] staple securities instrument. Item # 06221979-PJS-SA and Schedule A." Pet. II, 6, ECF No. 1. Respondent argues that the petition should be dismissed based on Petitioner's failure to exhaust his state-court remedies or, in the alternative, dismissed as moot in part, dismissed for failure to state a claim for habeas relief in part, and denied in part. Resp't's Resp. 4–11, ECF No. 10.

## II. DISCUSSION

To the extent Petitioner challenges the validity of his extradition, he is not entitled to a writ of habeas corpus because he is already in the custody of the demanding state. "Once a fugitive has been brought within custody of the demanding state, legality of extradition is no longer [the] proper subject of any legal attack by him." *Siegel v. Edwards,* 566 F.2d 958, 960 (5th Cir. 1978). *See also Harden v. Pataki,* 320 F.3d 1289, 1299 (11th Cir. 2003) (quoting *Barton v. Norrod,* 106 F.3d 1289, 1299 (6th Cir. 1997)) (providing "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her

---

[1] "Pet. I" refers to the petition in civil action no. 4:21-CV-608-P; "Pet. II" refers to the petition in civil action no. 4:21-CV-755-P.

detention there is no longer at issue"). Petitioner has already been returned to the demanding state, Texas; therefore, the legality of his extradition from Arkansas is moot.

To the extent Petitioner challenges the denial of bail in Pike County, Arkansas, the claim is also moot. Now in the custody of Tarrant County, Texas, bail has been set in both cases. *See* TARRANT COUNTY INMATE SEARCH, https://inmatesearch.tarrantcounty.com (last visited Oct. 22, 2021).

To the extent Petitioner cites the Court to "Federal Rules of Civil Procedures [sic] Sections 8-A and 13-A" and "11 USC 501(A) 502(A)" and in support asserts that "[a]ccording to [his] registered statue [sic] staple securities instrument. Item # 06221979-PJS-SA and Schedule A," he fails to provide enough information or allege sufficient facts to ensure that the Court is sufficiently informed to determine the claims for relief.

To the extent Petitioner challenges the warrant of the 432nd District Court, the bond amounts and the conditions of his bond, the jurisdiction of the state to prosecute him, and the denial of his right to "face [his] accusser [sic]" and to travel, the claims are unexhausted. A state pretrial detainee may raise constitutional claims in a federal habeas-corpus proceeding under § 2241 by satisfying two requirements. First, he must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). It is undisputed that Petitioner is "in custody" for purposes of § 2241.

Second, he must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may

3

effectively present his claim(s) to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claim(s) be presented in a procedurally correct manner to the Texas Court of Criminal Appeals by way of either a petition for discretionary review, either from conviction itself or, as here, from the disposition of a pre-conviction application for writ of habeas corpus, or post-conviction writ of habeas corpus. *See Deters*, 985 F.2d at 795; *Procunier,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of a constitutional claim before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of pending state proceedings by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Petitioner fails to demonstrate that the legal and factual substance of his federal claims have been presented to the Texas Court of Criminal Appeals by way of a properly filed pre-conviction application for writ of habeas corpus. Although the Texas courts website indicates that a state habeas-corpus application by Petitioner was received in that court on October 21,

4

2021, the nature of the claims raised in the application are unknown to the Court and it remains pending. *See* TEXAS JUDICIAL BRANCH, http://search.txcourts.gov/CaseSearch (last visited Oct. 22, 2021).

Based on the record before the Court, it is clear that the state's highest court has not yet been afforded a fair opportunity to consider and rule on the merits of Petitioner's claims. Consequently, absent "exceptional circumstances," such showing not having been demonstrated by Petitioner, federal-court interference in the normal functioning of the state's criminal processes at this juncture is unwarranted. Therefore, this Court should, and will, abstain from considering Petitioner's claims out of deference to the state courts.

### III.  CONCLUSION

For the reasons discussed herein, Petitioner's petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are **DISMISSED** with prejudice in part as moot and without prejudice in part for failure to state a claim for relief and failure to exhaust state-court remedies. Petitioner's emergency motion for injunctive relief (ECF No. 21) received for filing on October 22, 2021, is **DENIED**.

**SO ORDERED** on this **25th day** of **October, 2021.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE